## Morse v. Bernard Gloekler North East Co.

*John Stroh, Jr.,* for appellant.
*Edward Orton,* for respondent.

CARNEY, P. J., Ocotber 8, 1969.—This is an appeal by Daniel R. Morse, claimant, from the findings of fact and the conclusions of law of the Workman's Compensation Board. The referee, on July 11, 1967, awarded claimant compensation for the loss of one-half of his right thumb for a period of 30 weeks beginning February 4, 1966, together with a 10-week healing period.

This award was as the result of a modification petition filed on behalf of claimant on October 24, 1966, alleging that he "has lost the use of the distal joint

of the right thumb by reason of an injury sustained on February 4, 1966, and is entitled to compensation for loss of use of one half of his thumb under the provision of section 306(c) Workmen's Compensation Act."

The pertinent portion of Section 306(c), 77 PS §513, reads as follows:

"For all disability resulting from permanent injuries of the following classes the compensation shall be exclusively as follows: . . .

"(14) The loss of the first phalange of the thumb shall be considered the loss of the thumb. The loss of a substantial part of the first phalange of the thumb shall be considered the loss of one half of the thumb."

By an opinion and order, the board on April 24, 1969, sustained defendant's appeal and dismissed claimant's modification petition holding that ". . . The Claimant has failed to meet his burden of proving that he has sustained the loss of a substantial part of the first phalange of his right thumb." Hence, the appeal.

While the compensation laws must be given a fair and liberal construction, it is also well-settled law that where the board has found against the party having the burden of proof (the claimant), the question on review is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence. See Bailey v. Smith Truck Lines, Inc., 206 Pa. Superior Ct. 447; also Pudlosky v. Follmer Trucking Company et al., 206 Pa. Superior Ct. 450, 455.

In the case before the court, there was no amputation of any part of the right thumb. However, claimant contends that he has lost the use of the first phalange because of fibrous ankylosis (rigidity) of the interphalangeal or distal joint.

The Superior Court in Yaklich v. Union Collieries Co., 158 Pa. Superior Ct. 55, stated that there need be no amputation of a thumb or finger to comply with section 306(c), but that the loss of use of the phalange would be sufficient. At page 59, the court said:

"According to the testimony of Dr. Jamison, the claimant has permanently lost the use of the distal joint or first phalange of his left thumb. Therefore, for all practical purposes, he has lost the first phalange of his thumb to the same effect and extent as if it had been amputated or otherwise physically removed, and consequently. he has suffered a 'loss' within the terms of the act and compensation therefor was properly awarded."

While the above quotation refers to both the distal joint and the first phalnage, the act refers solely to the loss of "the first phalange of the thumb," or the loss of "a substantial part of the first phalange of the thumb." Therefore, the loss must be more than the loss of the distal joint. It must be the loss of the phalange or a substantial part thereof. However, in Yaklich v. Union Collieries Co., supra, the court indicates that "for all practical purposes, the claimant lost the first phalange to the same effect and extent as if it had been amputated or physically removed." Such is not the situation in the matter before the court.

The sole medical testimony offered by either side was claimant's doctor, David J. Mir, M.D., who in this regard testified as follows:

"A. Well, I wouldn't say that he has lost complete use of his first phalange." Page 4 of the transcript.

On cross examination, at page 9, by counsel for defendant, Dr. Mir was asked:

"Q. My question, though, is, has he lost, is this injury the equivalent of a loss of the phalanx?

"A. No sir, none at all.

"Q. It is considerable less, isn't it, doctor?

"A. It is not comparable to an amputation at all, it is much less.

"Q. Then, it is not equivalent to the loss of the use of the phalanx, is it?

"A. No, sir.

"Q. It is not even equivalent to a 50 percent loss of the phalanx?

"A. No."

On page 11, on redirect examination, the doctor was asked the following question and made the following answer:

"Q. Without risk of being boring, let me ask one more question, doctor, if I may. To re-state the position then, he has lost complete use of the distal joint of the right thumb?

"A. Yes, not the phalanx, the joint."

The medical witness made a very clear differentiation between the loss of use of the distal joint and the phalange.

He did, however, testify that there was to some extent a loss of use of the thumb. In answers appearing on pages 5 and 8 of the transcript, he assessed that loss at about 30/35%.

Therefore, while there has, according to the medical testimony, been some loss of use, it is not such disability as appears in Yaklich, supra, and which approximates an amputation of the thumb.

The second and more important conclusion that we reach is that the Superior Court now requires the loss of the bony structure of the thumb to qualify for compensation under the relevant section of the act.

In Nolan v. Hake, 178 Pa. Superior Ct. 593 at page 596 the court said:

"The statute provides compensation for the loss of a 'phalange'. In Vince v. Allegheny Pittsburgh Coal

Co., 153 Pa. Superior Ct. 333, 33 A. 2d 788 (hereinafter discussed), in a footnote on page 335, we discussed the medical definition of 'phalange' and concluded that it 'does not include flesh, only the bony structure of a finger or toe'. We can, therefore, dispense with the fact that the claimant here had a loss of only 50 percent of the fleshy pad and concern ourselves only with the loss of the bony structure. The amount of fleshy pad is immaterial where the act makes loss of the bone compensable. Had the legislature intended that the loss of flesh be compensable or of importance in determining the extent of the loss, it would have so provided instead of merely defining the compensable loss by use of a technical medical term which has a distinct reference to the bone only."

The definition of a phalange as used in the footnote at the bottom of page 335 in Vince v. Allegheny Pittsburgh Coal Company, 153 Pa. Superior Ct. 333, is as follows:

" 'Phalange' is used in our statute but 'phalanx' seems to be preferred by our lexicographers. These words are synonymous and used interchangeably in the decisions of the various courts. Gould's Medical Dictionary, Third Edition, defines 'phalanx' as 'one of the bones of the fingers or toes.' Webster's New International Dictionary Defines it as '. . . one of the digital bones of the hand or foot beyond the metacarpus or metatarsus' so that a phalanx does not include flesh, only the bony structure of a finger or toe."

The rationale of Nolan v. Hake, supra, was adopted in Pierangeli v. Moffat Coal Co., Inc., 65 Lack. Jur. 57 (1962) where, at page 58, the court said:

"Of course, only the loss of the bony structure may be considered compensationwise."

We therefore conclude that under the evidence produced, claimant suffered no loss of bone of the

appendage in question, nor does the loss of use testified to approximate an amputation thereof. For these reasons, we are going to dismiss the appeal and sustain the action of the board.

## ORDER OF COURT

And now, October 8, 1969, the order of the Pennsylvania Workman's Compensation Board dismissing claimant's modification petition is affirmed and claimant's appeal is dismissed.